FILED

2025 May-13  AM 09:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| SHUNTAVIA HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> DOLGENCORP, LLC d/b/a DOLLAR GENERAL, ECLIPSE ADVANTAGE LLC, and EJIOFOR OKOKWU <br><br> Defendants. | Civil Action No.: <br><br><br> JURY TRIAL DEMANDED |

## SUMMARY OF OPERATIVE FACTS

This case arises from severe and pervasive sexual harassment perpetrated against Plaintiff Shuntavia Harris by her supervisor, Defendant Ejiofor Okokwu ("EJ"), while she worked as a material handler at Defendant Dollar General's Bessemer, Alabama warehouse facility through her employment with Defendant Eclipse Advantage LLC. Beginning in March 2023, Plaintiff endured escalating sexual harassment including unwanted touching, sexual propositions, physical assault, and stalking behavior. The harassment culminated in an April 2023 incident where EJ physically assaulted Plaintiff in a truck, grabbing her body and simulating sexual acts against her will. Despite Plaintiff's formal complaints to management and

human resources, neither Dollar General nor Eclipse Advantage took meaningful action to address the harassment, instead forcing Plaintiff to modify her work schedule to avoid her harasser. This action seeks relief under Title VII of the Civil Rights Act of 1964 for sexual harassment, hostile work environment, and retaliation, as well as state law claims for assault, battery, and outrageous conduct.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. Prior to filing this action, Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) on August 13, 2024. The EEOC issued Notices of Right to Sue on February 12, 2025, and Plaintiff has filed this action within ninety (90) days of receiving those notices.

3. Venue is proper in the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this judicial district. Defendant Dollar

General operates a warehouse facility in Bessemer, Alabama, where the acts complained of occurred. Defendant Eclipse Advantage conducts business in this district through its operations at the Dollar General facility, and Defendant Okokwu resides in this district.

## PARTIES

4. Plaintiff Shuntavia Harris is an adult resident citizen of Pleasant Grove, Alabama, residing at 417 1st Way, Pleasant Grove, AL 35127. At all times relevant to this action, Plaintiff was employed as a material handler by Defendant Eclipse Advantage LLC, working at Defendant Dollar General's warehouse facility in Bessemer, Alabama.

5. Defendant DOLGENCORP LLC d/b/a DOLLAR GENERAL ("Dollar General") is a corporation organized under the laws of Kentucky with its principal place of business at 100 Mission Ridge Drive, Goodlettsville, Tennessee 37072. Dollar General operates a warehouse facility at 4101 Lakeshore Parkway, Bessemer, Alabama 35022, where the events giving rise to this action occurred. At all relevant times, Dollar General exercised control over the terms and conditions of Plaintiff's employment through its supervisory personnel, including Defendant Okokwu.

6. Defendant ECLIPSE ADVANTAGE LLC ("Eclipse") is a corporation organized under the laws of Florida with its principal place of business at 7185 Murrell Road, Suite 101, Melbourne, Florida 32940. Eclipse provides staffing and workforce management services to Dollar General's Bessemer warehouse facility. Eclipse was Plaintiff's direct employer and maintained an employment relationship with Plaintiff from February 21, 2022, until the events giving rise to this action.

7. Defendant EJIOFOR OKOKWU ("EJ") is an adult resident citizen of Alabama and was employed by Dollar General as a Warehouse Supervisor II at its Bessemer facility during all times relevant to this action. In his capacity as Warehouse Supervisor II, Defendant Okokwu exercised direct supervisory authority over Plaintiff's work activities and conditions of employment.

## STATEMENT OF FACTS

8. Plaintiff Shuntavia Harris began her employment with Defendant Eclipse Advantage LLC on February 21, 2022, as a material handler at Defendant Dollar General's warehouse facility in Bessemer, Alabama. Her initial work schedule was Monday through Thursday, working 3-4 days per week.

9. Throughout her employment, Plaintiff performed her job duties competently and professionally, earning pay rates that varied from $15.00 to $31.31 per hour based on her productivity and assignments.

10. On March 12, 2023, Defendant Ejiofor Okokwu ("EJ"), a Dollar General Warehouse Supervisor II, began sexually harassing Plaintiff. While Plaintiff was performing her work duties, EJ made inappropriate comments about seeing her underwear as she bent over and proceeded to physically touch and smack her buttocks without her consent.

11. Following this initial incident, Plaintiff reported the harassment to her supervisor, known as "D," and requested a transfer to the weekend shift to avoid further contact with EJ. This request was granted.

12. On April 12, 2023, EJ escalated his harassment by offering Plaintiff money in exchange for sexual favors. When Plaintiff refused, EJ physically assaulted her inside a truck at the warehouse facility. During this assault, EJ grabbed Plaintiff's arm, put his hands around her neck, grabbed her hips, and simulated sexual contact through thrusting movements against her body. Plaintiff recorded this incident on her phone.

13. Throughout May and June 2024, EJ continued his pattern of harassment by attempting to obtain Plaintiff's social media information, engaging in

stalking behavior, questioning her coworkers about her, and confronting her about avoiding him.

14. On June 26, 2024, Plaintiff made a formal report of sexual harassment to Eclipse Advantage's Human Resources department, providing detailed information about EJ's conduct and the existence of video evidence of the April 2023 assault.

15. Following Plaintiff's formal complaint, Eclipse Advantage conducted what it characterized as an investigation. However, the investigation was inadequate and concluded merely as a "he said, she said" situation, despite the existence of video evidence and witness accounts supporting Plaintiff's allegations.

16. Neither Eclipse Advantage nor Dollar General took any meaningful disciplinary action against EJ. Instead, Plaintiff was forced to transfer to a reduced weekend schedule to avoid contact with her harasser, resulting in decreased hours and compensation.

17. Prior to the harassment, Plaintiff earned an average weekly pay of $303.26. After being forced to change her schedule to avoid EJ, her average weekly pay decreased to $240.37, representing a 26% reduction in income.

18. The harassment and assault by EJ, combined with the companies' inadequate response, caused Plaintiff to suffer severe emotional distress, anxiety, and psychological trauma.

19. On August 13, 2024, Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC), charge numbers 420-2024-04394 and 420-2024-04398, detailing the sexual harassment, hostile work environment, and retaliation she experienced.

20. The EEOC issued Notices of Right to Sue on February 12, 2025, and Plaintiff has timely filed this action within ninety (90) days of receiving those notices.

## CLAIMS FOR RELIEF

## COUNT I: TITLE VII - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

### (Against Defendants Dollar General and Eclipse Advantage)

21. Plaintiff incorporates by reference Paragraphs 1-20 as if fully set forth herein.

22. Defendants Dollar General and Eclipse Advantage are "employers" within the meaning of Title VII of the Civil Rights Act of 1964.

23. Through the actions of Defendant Okokwu and other supervisory personnel, Defendants subjected Plaintiff to severe and pervasive sexual harassment that created a hostile work environment, including but not limited to:

a. Unwanted physical touching and sexual contact;

b. Sexual propositions and requests for sexual favors;

c. Physical assault and battery;

d. Stalking behavior and unwanted pursuit;

e. Degrading and humiliating conduct based on Plaintiff's sex.

24. The harassment was unwelcome, based on Plaintiff's sex, and was sufficiently severe and pervasive to alter the terms and conditions of her employment and create an abusive working environment.

25. Defendants knew or should have known about the harassment and failed to take prompt and appropriate corrective action, instead forcing Plaintiff to modify her work schedule to avoid her harasser.

## COUNT II: TITLE VII - RETALIATION

### (Against Defendants Dollar General and Eclipse Advantage)

26. Plaintiff incorporates by reference Paragraphs 1-20 as if fully set forth herein.

27. Plaintiff engaged in protected activity under Title VII by:

a. Reporting sexual harassment to her supervisor in March 2023;

b. Filing a formal complaint with Human Resources in June 2024;

c. Filing charges of discrimination with the EEOC in August 2024.

28. Following Plaintiff's protected activities, Defendants took adverse employment actions against her, including:

a. Forcing her to transfer to a reduced weekend schedule;

b. Reducing her work hours and compensation;

c. Failing to take appropriate corrective action against her harasser;

d. Creating conditions that materially affected the terms and conditions of her employment.

29. A causal connection exists between Plaintiff's protected activities and the adverse employment actions taken against her.

## COUNT III: ASSAULT

**(Against Defendant Okokwu)**

30. Plaintiff incorporates by reference Paragraphs 1-20 as if fully set forth herein.

31. Defendant Okokwu intentionally created a reasonable apprehension of immediate harmful or offensive contact with Plaintiff through his actions, including:

a. Grabbing her arm without consent;

b. Placing his hands around her neck;

c. Forcibly grabbing her hips;

d. Making threatening sexual advances.

32. As a direct and proximate result of Defendant Okokwu's actions, Plaintiff suffered physical and emotional injuries, mental anguish, and other damages.

## COUNT IV: BATTERY
**(Against Defendant Okokwu)**

33. Plaintiff incorporates by reference Paragraphs 1-20 as if fully set forth herein.

34. Defendant Okokwu intentionally caused harmful and offensive physical contact with Plaintiff without her consent by:

a. Touching and smacking her buttocks;

b. Grabbing her body parts;

c. Simulating sexual acts against her body.

35. As a direct and proximate result of Defendant Okokwu's actions, Plaintiff suffered physical and emotional injuries, mental anguish, and other damages.

## COUNT V: OUTRAGEOUS CONDUCT

### (Against All Defendants)

36. Plaintiff incorporates by reference Paragraphs 1-20 as if fully set forth herein.

37. Defendants' conduct was so extreme and outrageous as to exceed all bounds of decency in a civilized society, including:

a. Sexual assault and battery in the workplace;

b. Deliberate indifference to reported sexual harassment;

c. Forcing the victim to modify her work schedule while allowing the harasser to maintain his position;

d. Creating and maintaining a hostile work environment.

38. Defendants' conduct caused Plaintiff to suffer severe emotional distress, psychological trauma, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shuntavia Harris respectfully requests that this Court grant the following relief:

a. Declare that the acts and practices complained of herein violate Title VII of the Civil Rights Act of 1964;

b. Enter a permanent injunction directing Defendants Dollar General and Eclipse Advantage to:

 i. Cease and desist from maintaining a hostile work environment;

 ii. Implement and enforce effective policies and procedures to prevent sexual harassment;

 iii. Provide mandatory sexual harassment training to all supervisory personnel;

iv. Take appropriate disciplinary action against Defendant Okokwu;

c. Award Plaintiff back pay, front pay, and benefits in amounts to be determined at trial;

d. Award Plaintiff compensatory damages for emotional distress, mental anguish, psychological trauma, humiliation, and loss of enjoyment of life;

e. Award Plaintiff punitive damages against all Defendants in an amount sufficient to punish Defendants and deter future misconduct;

f. Award Plaintiff damages for assault, battery, and outrageous conduct in an amount to be determined at trial;

g. Award Plaintiff pre-judgment and post-judgment interest as provided by law;

h. Award Plaintiff reasonable attorneys' fees, expert witness fees, and costs of this action;

i. Grant such other and further relief as this Court deems just and proper.

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 12th day of May, 2025.

**BARRETT & FARAHANY**

*/s/ Constance Cooper*
Constance Cooper
Georgia Bar No. 469041

*Counsel for Plaintiff*

2921 Piedmont Road
Atlanta, GA 30305
(404) 214-0120
constance@justiceatwork.com
Fax: 404-541-4772